UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLIFFORD S. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1225 HEA |
| | ) | |
| CAROLYN W. COLVIN[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

On the date of the initial hearing, November 16, 2010 the Plaintiff was 37

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

years of age. A second or supplemental hearing was conducted on July 5, 2011. At that time the ALJ heard from the neurologist who performed a consultative examination. Plaintiff lives with his wife. Plaintiff attended school up to the eleventh grade and does not have a GED. His wife cuts his food up for him, clothes him and ties his shoes. She also helps him with showering as well. Plaintiff was previously employed as a truck driver, corrections officer and maintenance road worker and has not been employed, or applied for employment, since the onset date of August 23, 2008. The Plaintiff is left-hand dominant. The ALJ found Plaintiff had the severe impairments of: left hand injury and obesity.

At the July 5, 2011 hearing, Plaintiff testified that since he injured his left hand he has extreme pain and swelling in the fingers, hand and elbow. He also testified the pain courses the bottom of his ear and across his neck. Plaintiff noted the pain is so extreme and his fingers ache and become stiff preventing him from even picking up a pencil to write. His elbow feels as if the funny bone was hit. Plaintiff rated the pain in his fingers at 8 to 10; pain in his wrist at 10; pain in the forearm as a 5 to 7; and pain in the elbow of 8 to 10.

Plaintiff testified that traveling exacerbates the pain and swelling and that the stiffness makes it difficult to make a fist. The swelling is persistent and daily. He spends six to eight hours in his recliner with his arm elevated and avoids using his left hand. There was also testimony by Plaintiff that extremes of heat and cold

negatively impact his left hand. Cold causes a burning sensation and heat causes it to heat up too quickly.

A vocational expert also testified during the hearing. The VE testified regarding the past relevant work of the Plaintiff as a truck driver, corrections officer, and maintenance road worker and that he was unable to perform any of those jobs. The VE testified that Plaintiff could perform work that is limited to the light and unskilled level.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq.*, and XVI of the Act, 42 U.S.C. § 1381, *et seq.*, was denied. On July 26, 2011, the ALJ issued an unfavorable decision. On May 4, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ's Decision**

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since May 4, 2007, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: left hand injury and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels but with the following non-exertional limitations: avoid lifting more than ten pounds with his left hand, and avoid grasping, vibratory tools, climbing, or unprotected heights. He must also be allowed to wear a splint on his left or scaffolds. At Step Four, the ALJ determined that Plaintiff was not capable of performing past relevant work as a truck driver, corrections officer, or maintenance road worker. At Step Five, the ALJ found that considering the age, education, work experience, and residual functional capacity, there are jobs that exist in the national economy that Plaintiff can perform. Those jobs that Plaintiff could perform are: school bus monitor (2,200 jobs statewide), office helper (1,850 jobs statewide), and deliverer (2,100

jobs statewide). The ALJ concluded that Plaintiff had not been under a disability as defined in the Social Security Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes three specific arguments in support of his request for remand: (1) the ALJ failed to properly consider the credibility of Plaintiff's subjective complaints; (2) the ALJ failed to assign proper weight to the opinions of acceptable medical sources; (3) the ALJ's RFC determination is not supported by substantial evidence of record.

**The ALJ failed to properly consider the credibility of Plaintiff's subjective complaints.**

In *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984),the court set out the factors that the ALJ must use to analyze a claimant's subjective complaints of pain. These include, as appropriate, (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence."). When the ALJ articulates the

inconsistencies on which he relies in discrediting Plaintiff's subjective complaints, and when those inconsistencies are supported by the record, his credibility finding should be affirmed. *Hall v. Chater*, 109 F.3d 1255, 1258 (8th Cir. 1997). "As is often true in disability cases, the question was not whether [a claimant] was experiencing pain, but rather the severity of [his] pain." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).

Here, Plaintiff was in his usual state of health until August 23, 2008, when he slipped and fell on a wet floor in the workplace. He injured his left hand, wrist, and arm. He sustained no injury to his right side. He testified that he had pain scores ranging from eight to ten, on a scale of one to ten, in his fingers, wrist, and elbow, and from five to seven in his forearm (Tr. 14, 43-44). He claimed that any movement of his arm aggravated his symptoms and that he was at his most comfortable when he could sit in his recliner six to eight hours a day with his left arm propped up on a pillow (Tr. 44-46). Standing and walking also seemed to exacerbate his upper extremity pain (Tr. 44). In addition he complained of nighttime sleep being interrupted by pain every 15 minutes, resulting in no more than a total of five hours sleep (Tr. 14, 48). Subsequent to his injury he was trated conservatively with physical therapy and prescription pain medication, which sometimes made him foggy and doze off. He was pending approval of carpel tunnel surgery at the time of the hearing.

In analyzing his complaints the ALJ observed discrepancies between his complaints and medical evidence in the record. The ALJ summarized in considerable detail the medical evidence from the date of Plaintiff's injury forward (Tr. 15-19). The objective medical evidence in the record demonstrated that apart from Plaintiff's left upper extremity, "examinations of the claimant's remaining extremities and body systems was completely unremarkable/normal" (Tr. 19, 290-91, 300-01, 357-59, 374-75). The ALJ noted findings from neurologist Choudhary and the positive findings as to Plaintiffs left upper extremity only and concluded that Plaintiff's allegations that he had difficulty ambulating and sitting were contrary to the evidence of record. The ALJ properly considered Plaintiff's subjective complaints in light of the medical opinions of record and concluded that such inconsistencies negatively impacted his credibility.

The ALJ is not required to specifically address every *Polaski* factor in the issuance of his opinion. In *Samons v. Apfel*, 497 F.3d 813 (8th Cir. 2007), the court held that "we have not required the ALJ's decision to include a discussion of how every *Polaski* 'factor' relates to the claimant's credibility. "*Id*. at 820. When the ALJ articulates the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints, and when those inconsistencies are supported by the record, the credibility determination should be affirmed. See *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) ("We will not substitute our opinion

for that of the ALJ, who is in a better position to assess credibility."); *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Id*. The ALJ did so and properly upon the record before him.

**The ALJ failed to assign proper weight to the opinions of acceptable medical sources.**

Plaintiff asserts that the ALJ improperly discounted the October 2010 opinions of his treating physicians, David Myers, D.O., and Bashar Mohsen, M.D. Dr. Myers stated the opinion that Plaintiff was "totally disabled" and that his restrictions included his inability to sit/stand/walk long enough to complete an eight-hour workday (Tr. 19, 364-66). Dr. Mohsen made similar findings and conclusions (Tr. 19, 370-71).

Although a treating physician's opinion concerning an applicant's physical limitations is entitled to substantial weight there are exceptions**.** The Eighth Circuit has noted on more than one occasion that "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such

opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010), quoting Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005). In addition, greater weight is generally given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a treating source who is not a specialist. *See Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010); 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5). The ALJ assessment of weight was correct based on the substantial evidence in the record and more specifically, there is nothing in the record demonstrating the credentials of Dr. Myers as a specialist relating to Plaintiff's impairments. As to Dr. Mohsen, his treatment and examination of is weak in an attempt to off much support to his conclusions and recommendations, as noted in Defendants cross brief at page 10. Contrasting their credentials and findings with those of Goldfarb, Schlafly and Choudhary, the Alj appropriately weigh and evaluated the opinions based upon the substantial evidence in the record. *Wildman v. Astrue,* 596 F.3d 959 (8th Cir.2010).

**The ALJ's RFC determination is not supported by substantial evidence of record.**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment

records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff contends that the ALJ's RFC determination was not supported by substantial evidence of record (Tr. 32-38) as the ALJ did not assign functional limitations to his severe impairment of obesity. The burden is on the Plaintiff to show the medical evidence of his disability. Plaintiff not list his weight as an illness, injury or condition that limited his ability to work (Tr. 171). Plaintiff did not allege any limitations due to his weight at the hearing (Tr. 41-50). None of the medical sources indicated that Plaintiff's weight restricted his capacity for work activity above and beyond those limitations the ALJ incorporated into his RFC determination. As a result, Plaintiff failed to meet his burden to prove that his obesity imposed additional restrictions on his ability to work.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 11th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE